[No. B223237. Second Dist., Div. Eight. Mar. 22, 2011.]

SASSAN VAFI et al., Plaintiffs and Appellants, v.
HEATHER McCLOSKEY et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II. and III.

## COUNSEL

Law Offices of Farrah Mirabel and Farrah Mirabel for Plaintiffs and Appellants.

Ervin, Cohen & Jessup, Allan B. Cooper and Lauren J. Katunich for Defendants and Respondents.

## OPINION

**BIGELOW, P. J.**—This matter presents an issue which it seems no reported decision has addressed: Which statute of limitations applies to an action for malicious prosecution against an attorney? We conclude that the limitations period applicable to actions against attorneys under section 340.6 of the Code of Civil Procedure[1] applies rather than the general statute of limitations applicable to actions for malicious prosecution under section 335.1. On this and other grounds, we affirm the judgment.

### FACTS

In 2002, appellant Sassan Vafi and Kathleen Keller, who were dating at the time, decided to launch a business making and selling disposable swimsuits. A corporation named ONE SUIT, Inc. (ONE SUIT), was formed on July 17, 2002, with Vafi and Keller listed as the initial directors. Vafi filed a patent

---

[1] All further section references shall be to the Code of Civil Procedure unless otherwise specified.

application for the idea under his own name. Meanwhile, Keller registered the trademark ONE SUIT under her own name with the United States Patent and Trademark Office in 2003 and the mark was issued to Keller alone on January 6, 2004. In late 2003, Keller and Vafi terminated their personal and business relationships. Vafi then sold the remaining inventory of swimsuits to www.FredaLA.com (FredaLA).

Keller maintains that Vafi agreed to purchase the ONE SUIT trademark and the inventory from her for $15,000, which he never paid her. On September 22, 2006, she filed a complaint for trademark infringement against Vafi and ONE SUIT in federal district court, alleging that Vafi[2] improperly used the mark "1Suit," a "colorable imitation of the One Suit mark," to advertise and sell disposable bathing suits. Vafi asserted a counterclaim for cancellation of the trademark, conversion and interference with economic advantage along with his answer. Vafi then moved for summary judgment on several grounds, including that Keller did not own the trademark because she should have registered the trademark under the corporation's name and that the sale of the inventory to FredaLA was pursuant to an agreement with Keller. Vafi's summary judgment motion was denied by the district court on August 27, 2007, and his counterclaims were dismissed on Keller's motion for judgment on the pleadings. Keller subsequently dismissed the federal trademark action with prejudice on September 19, 2007.

On September 15, 2009, Vafi filed the instant suit, alleging claims for malicious prosecution against Keller[3] and the respondents to this appeal, the attorneys who represented her in the federal trademark action, Heather McCloskey and the law firm of Ervin, Cohen & Jessup, LLP. Respondents filed a special motion to strike, arguing that the trademark action arose from protected activity and Vafi could not demonstrate a probability of prevailing because the action was time-barred and the district court's denial of Vafi's summary judgment motion established probable cause for the action. Respondents also requested attorney fees for bringing the motion to strike.

The trial court granted the motion to strike, and dismissed with prejudice the complaint as to respondents, concluding first "that this action is barred as to the attorney defendants under applicable one-year Statute of Limitations. See CCP § 340.6." The court alternatively found that "the denial of a motion for summary judgment in the underlying case conclusively establishes probable cause for prosecuting the underlying cases." The trial court also granted respondents' attorney fees request in the sum of $14,327. Vafi filed his notice of appeal from the court's order granting respondents' motion to strike on March 23, 2010.

---

[2] For ease of reference, we will refer to Vafi and ONE SUIT collectively as Vafi.

[3] Keller is not a party to this appeal.

## DISCUSSION

As noted, the trial court granted respondents' anti-SLAPP (strategic lawsuit against public participation) motion, finding that Vafi did not have a probability of prevailing on the merits of his claim because his prosecution was barred by the statute of limitations. He appeals and contends the trial court erred. We disagree.

■ "Section 425.16 provides for the early dismissal of certain unmeritorious claims by means of a special motion to strike." (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669 [35 Cal.Rptr.3d 31].) The statute provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) ■ "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (*Id.*, subd. (b)(2).) "Section 425.16 posits . . . a two-step process for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. (§ 425.16, subd. (b)(1).) 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)' [citation]. If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); [citation].)" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703].)

### I. *The Second Prong: The Action Is Time-barred*

We turn to the second prong of the analysis first, as it formed the basis for the trial court's ruling, and the parties focus upon it in their briefs. Vafi contends he had a probability of prevailing on his claim because he had two years to file his complaint under section 335.1, which applies to claims for "injury to . . . an individual caused by the wrongful act or neglect of another." It has previously been held that section 335.1 governs claims for malicious prosecution generally. (*Stavropoulos v. Superior Court* (2006) 141 Cal.App.4th 190, 197 [45 Cal.Rptr.3d 705] (*Stavropoulos*).) Respondents, on the other hand, successfully argued to the trial court that Vafi's claim was subject to the one-year limitations period under section 340.6, which governs most causes of action against attorneys. Section 340.6, subdivision (a)

provides, in relevant part, "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."

■ Which statute of limitations governs in this situation is a legal issue subject to our de novo review. (*Stoltenberg v. Newman* (2009) 179 Cal.App.4th 287, 292 [101 Cal.Rptr.3d 606]; *Stavropoulos, supra*, 141 Cal.App.4th at p. 193.) For the reasons outlined below, we hold that the one-year limitations period under section 340.6 applies to an action for malicious prosecution against an attorney rather than the two-year limitations period which applies to malicious prosecution actions generally.

■ The principles of statutory analysis are well established. " '[W]e must look first to the words of the statute, "because they generally provide the most reliable indicator of legislative intent." [Citation.] If the statutory language is clear and unambiguous our inquiry ends. "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." [Citations.] In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.]' [Citation.] Thus, we 'avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend. [Citations.]' [Citation.]" (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1394 [117 Cal.Rptr.3d 377, 241 P.3d 870].)

■ Further, "the intention of the Legislature . . . is to be pursued, if possible; and when a general and [a] particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (§ 1859.) Thus, a specific statute of limitations takes precedence over a general one, even though the latter " 'would be broad enough to include the subject to which the more particular provision relates.' [Citation.]" (*Committee for a Progressive Gilroy v. State Water Resources Control Bd.* (1987) 192 Cal.App.3d 847, 859 [237 Cal.Rptr. 723]; see also *E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1316 [64 Cal.Rptr.3d 9].) The principal purpose or "gravamen" of the action, rather than the form of action or the relief demanded, determines the applicable statute of limitations. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1207 [51 Cal.Rptr.2d 328].) " ' "The court should take into account matters such as context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy, and contemporaneous construction." ' [Citations.]" (*DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr.

722], disapproved on other grounds in *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 15 [78 Cal.Rptr.2d 1, 960 P.2d 1031].)

Vafi alleges that respondents' actions were "groundless and shocking" because they filed the federal trademark action "without probable cause in that Defendants knew that the claim asserted was false and/or not tenable or was presented in reckless disregard of the truth and/or applicable law." Vafi also contends respondents disregarded evidence that "exonerated" Vafi from any wrongdoing. In particular, Vafi presented a declaration from the owner of FredaLA, who stated that the use of the term "1 Suit" was an internal designation for bookkeeping purposes and was not authorized by Vafi. It is apparent that the gravamen of Vafi's complaint against respondents stems from their alleged wrongful conduct arising from their performance of professional services for Keller. That Vafi has labeled his cause of action as one for malicious prosecution does not control the analysis.

■ Based on its plain language, section 340.6 applies to all actions, except those for actual fraud, brought against an attorney "for a wrongful act or omission" which arise "in the performance of professional services." (§ 340.6; see *Southland Mechanical Constructors Corp. v. Nixen* (1981) 119 Cal.App.3d 417, 431 [173 Cal.Rptr. 917] [applying § 340.6 to a breach of contract cause of action], disapproved on other grounds in *Laird v. Blacker* (1992) 2 Cal.4th 606, 617 [7 Cal.Rptr.2d 550, 828 P.2d 691]; see also *Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805 [44 Cal.Rptr.2d 69].) There is no language in the statute which exempts malicious prosecution claims from the limitations period. We are not persuaded by Vafi's argument that the Legislature was required to amend the statute to expressly add malicious prosecution to the reach of the statute. ■ Indeed, "if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary." (*Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230 [32 Cal.Rptr.2d 19, 876 P.2d 505].) Vafi has submitted no authority which would support a different reading of section 340.6.

Moreover, the more specific statute of limitations under section 340.6 overrides the general catchall statute provided by section 335.1. (*E-Fab, Inc. v. Accountants, Inc. Services, supra,* 153 Cal.App.4th at p. 1316.) Although there are no reported decisions on point, our conclusion comports with relevant case law. For example, in *Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362, 1368 [12 Cal.Rptr.2d 354], the court held that an action by a former client against his attorney for breach of fiduciary duty was subject to the statute of limitations under section 340.6 rather than the statute applicable to breach of fiduciary duty claims generally. (See also *Capitol Racing, LLC v. California Horse Racing Bd.* (2008) 161 Cal.App.4th 892, 902 [75 Cal.Rptr.3d

384] [challenge to an administrative agency's decision is governed by statute of limitations specific to that agency rather than the statute applicable to agency decisions generally]; *Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 268 [15 Cal.Rptr.3d 244] [customer's action against a bank on a forged endorsement subject to statute of limitations governing actions against a bank for the payment of a forged check rather than catchall statute of limitations in the Cal. U. Com. Code]; *Loken v. Century 21-Award Properties* (1995) 36 Cal.App.4th 263, 273 [42 Cal.Rptr.2d 683] ["where the Legislature has provided for a two-year limitation period for actions stemming from the breach of duty imposed by [statute on a realtor], this specific statute prevails over the general statute of limitations of three years for fraud and negligent misrepresentation causes of action . . ."].)

■ Nor are we persuaded by Vafi's argument that section 340.6 is limited to situations where a client has sued his attorney for malpractice. Again, we are bound by the plain language of the statute, which clearly applies when "the plaintiff" rather than a client discovers the wrongful act. (§ 340.6.) That the statute has a tolling provision for situations in which the attorney continues to represent "the plaintiff"[4] does not change the meaning of the word "plaintiff" to "client," contrary to Vafi's argument. The remaining tolling provisions in section 340.6[5] also fail to limit the statute to client actions rather than third party claims, consistently referring to a "plaintiff" rather than a "client."

Likewise, Vafi's argument that the statute means malpractice when it refers to "a wrongful act or omission" is belied by the actual words of the statute. If the Legislature wanted to limit the reach of section 340.6 to malpractice actions between clients and attorneys, it could easily have done so. Absent express legislative intent that it meant client when it used the word plaintiff or that it meant malpractice when it referred to a wrongful act or omission, we are left only to interpret the plain meaning of the words in the statute. (*Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 131

---

[4] "Except for a claim for which the plaintiff is required to establish his or her factual innocence, in no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] . . . [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (§ 340.6, subd. (a)(2).)

[5] "Except for a claim for which the plaintiff is required to establish his or her factual innocence, in no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury. [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred. [¶] (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation. [¶] (4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action." (§ 340.6, subd. (a).)

[87 Cal.Rptr.2d 594].) In any event, courts have consistently applied section 340.6 to various tort and contract actions. (See, e.g., *Levin v. Graham & James, supra,* 37 Cal.App.4th at p. 800 [unconscionable fees]; *Stoll v. Superior Court, supra,* 9 Cal.App.4th at p. 1368 [breach of fiduciary duty]; *Southland Mechanical Constructors Corp. v. Nixen, supra,* 119 Cal.App.3d at p. 431 [breach of contract].)

Vafi's reliance on *Knoell v. Petrovich* (1999) 76 Cal.App.4th 164 [90 Cal.Rptr.2d 162] and *Crouse v. Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509 [80 Cal.Rptr.2d 94] is misguided. *Knoell* merely holds that a plaintiff who is not a client may not invoke the continuous representation tolling provision under section 340.6 because he is not represented by the attorney. (*Knoell, supra,* at p. 169.) In *Crouse,* the plaintiff client sued her attorney, his former firm and his current firm for malpractice. The codefendants cross-complained against each other for equitable indemnity. (*Crouse, supra,* at p. 1520.) The trial court found that the client's claim against the former firm was time-barred under section 340.6 and bootstrapped that limitations period on to the indemnity claims. On appeal, the court refused to apply the same limitations period to the equitable indemnity claims filed by the cross-complainants, holding that the cross-complainants were not "plaintiffs" within the meaning of section 340.6. The court reasoned, "a tort defendant's equitable indemnity action is separate and distinct from the plaintiff's tort action against the defendant and does not arise for statute of limitations purposes until the defendant pays a judgment or settlement for which he is entitled to indemnity." (*Crouse, supra,* at p. 1541.) There is nothing in *Knoell* or *Crouse* to suggest that section 340.6's reach extends only to a client's claims against his attorney.

■ As noted in *Stavropoulos, supra,* 141 Cal.App.4th at page 197, "[w]e are mindful that malicious prosecution has traditionally been regarded as a disfavored cause of action because 'the tort has the potential to impose an undue "chilling effect" on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court.' [Citation.] As a result, 'the elements of the tort have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim.' [Citation.]" This disfavor would seem to apply at least equally, if not more so, to malicious prosecution claims against an attorney, who should not be similarly deterred from helping his client bring her claims to court.

■ Because there is no dispute that the conduct at issue arose from respondents' performance of their professional services to Keller in the federal trademark action, we hold that the one-year limitations period in section 340.6 governs Vafi's claim. Since his lawsuit was filed almost two years after the trademark action was dismissed, it is time-barred.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. Respondents to recover their costs on appeal.

Flier, J., and Grimes, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 13, 2011, S192719. Werdegar, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 874.