Filed 9/30/13  Garcia v. Uremovic CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GUADALUPE GOMEZ GARCIA et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>JOSEPH A. UREMOVIC,<br><br>  Defendant and Respondent. | F064246<br><br>(Super. Ct. No. CV272037)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Connors & Associates and G. Patrick Connors III for Plaintiffs and Appellants.

Clifford & Brown, Stephen T. Clifford, John R. Szewczyk and T. Mark Smith for Defendant and Respondent.

-ooOoo-

_____

[*]    Before Wiseman, Acting P.J., Levy, J. and Kane, J.

Appellants Guadalupe Gomez Garcia, Eduardo Z. Garcia and Garcia Family Farms, Inc., were sued by S&J Farms (S&J) for breach of contract. Respondent Joseph A. Uremovic was the attorney who represented S&J. Following a jury trial, judgment was entered in appellants' favor on November 4, 2008.

On October 29, 2010, appellants filed the instant action against respondent and others alleging causes of action for malicious prosecution, abuse of process, intentional infliction of emotional distress, and negligent infliction of emotional distress, arising out of the breach of contract action. The trial court sustained respondent's demurrer to the first amended complaint without leave to amend on the ground that the action was barred by Code of Civil Procedure[1] section 340.6. Under section 340.6, an action against an attorney for a wrongful act or omission arising in the performance of professional services must be commenced within one year.

Appellants contend the trial court erred in applying the section 340.6 statute of limitations applicable to attorneys. Rather, appellants argue, the trial court should have applied the two-year statute of limitations applicable to general tort actions, including malicious prosecution, under section 335.1.

The trial court was correct. The more specific statute of limitations under section 340.6 applies to a malicious prosecution action against an attorney rather than the two-year statute of limitations that applies to malicious prosecution actions generally. (*Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 880 (*Vafi*).)

## DISCUSSION

In *Stavropoulos v. Superior Court* (2006) 141 Cal.App.4th 190 (*Stavropoulos*), the court held that malicious prosecution actions were subject to the general two-year statute of limitations under section 335.1 for "injury to … an individual caused by the wrongful

---

[1] All further statutory references are to the Code of Civil Procedure.

2.

act or neglect of another," rather than the one-year limitation period set forth in section 340, subdivision (c) for certain enumerated torts including libel, slander and false imprisonment. The court noted that, although malicious prosecution is akin to these intentional torts, it is not listed within the section. (*Stavropoulos, supra,* 141 Cal.App.4th at p. 193.) The court concluded it had no authority to add malicious prosecution to the torts covered by section 340, subdivision (c). (*Stavropoulos, supra,* at p. 195.) The court then analyzed section 335.1 and held that "the Legislature intended the phrase 'injury to, or for the death of, an individual caused by the wrongful act or neglect of another' to be interpreted as embracing all infringements of personal rights, including malicious prosecution, and intended the two-year limitations period set forth in section 335.1 to apply to malicious prosecution actions." (*Stavropoulos, supra,* at 197.)

Appellants contend that the rule set forth in *Stavropoulos* applies here. Therefore, appellants argue, their malicious prosecution action was timely because it was filed less than two years after entry of the judgment on the breach of contract action.

In *Stavropoulos*, the malicious prosecution action was filed against the plaintiff who brought the original complaint. Here, however, the respondent is not the plaintiff but, rather, is the attorney who represented the plaintiff. Accordingly, we are facing the same situation as the court did in *Vafi, supra,* 193 Cal.App.4th 874, when it applied the one-year limitations period set forth in section 340.6 to a malicious prosecution action filed against an attorney, as opposed to the general personal injury limitations period under section 335.1

Section 340.6 provides, in pertinent part:

> "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers … the facts constituting the wrongful act or omission …."

In *Vafi,* the court noted that, based on its plain language, section 340.6 applies to *all* actions, except those for actual fraud, brought against an attorney, for wrongful acts or

3.

omissions that arise in the performance of professional services. (*Vafi, supra,* 193 Cal.App.4th at p. 881.) There is no language in the statute that exempts malicious prosecution actions or that limits the one-year limitations period to situations where a client has sued his or her attorney for malpractice. (*Id.* at pp. 881-882.) Courts may not imply additional exemptions unless there is a clear legislative intent to the contrary. (*Id.* at p. 881.) Further, courts have consistently applied section 340.6 to various tort and contract actions arising from an attorney's performance of professional services rather than limiting the section to malpractice actions. (*Vafi, supra,* at pp. 882-883.) Accordingly, applying the rule that a specific statute of limitations takes precedence over a general one, the *Vafi* court held that the more specific statute under section 340.6 overrides the catchall statute provided by section 335.1. (*Vafi, supra,* at pp. 880-881.)

Appellants urge this court to follow *Stavropoulos* and apply the two-year limitations period under section 335.1. According to appellants, *Vafi* is inconsistent with *Stavropoulos* and should not be followed.

Contrary to appellants' position, these two cases are not inconsistent but, rather, are factually distinguishable. In *Stavropoulos*, the malicious prosecution defendant was the plaintiff who brought the original action. However, in *Vafi*, the malicious prosecution defendants were the attorneys who represented the plaintiff in the original action. Thus, the two cases concerned different classes of defendants. By enacting section 340.6 the Legislature has declared that, with the exception of actual fraud, any action against an attorney arising out of the performance of professional services is subject to a one-year limitations period, regardless of whether the same action against a different class of defendant would be subject to a longer limitations period.

At oral argument, appellants referred this court to *Silas v. Arden* (2012) 213 Cal.App.4th 75 (*Silas*), to support their position. In that case, Silas, an attorney, filed a complaint against Arden, also an attorney, in 2008 for malicious prosecution of a malpractice action against her. The matter went to trial and the jury awarded Silas

approximately $300,000 in damages and fees. While the jury was deliberating, Arden moved to amend his answer to raise a statute of limitations defense pursuant to *Vafi*. The trial court ruled that Arden had waived his right to assert that defense observing that, had the statute of limitations defense been timely and successfully raised, three years of intense litigation would have been avoided.

The appellate court upheld the trial court's decision. The court noted that, in general, judicial decisions operate retroactively to pending cases. However, in some cases considerations of fairness and public policy may require that a decision be applied prospectively. (*Silas, supra,* 213 Cal.App.4th at p. 88.) The court concluded that in this case, where the action was filed more than three years before the *Vafi* court interpreted section 340.6 to apply to malicious prosecutions against attorneys, Silas's reliance on a two-year statute of limitations was manifestly reasonable. (*Id*. at p. 89.)

In contrast here, the action was dismissed at an early stage in the proceedings following the sustaining of respondent's demurrer without leave to amend. The case had not proceeded to a jury verdict. Thus, unlike in *Silas,* respondent did not waive the statute of limitations defense and fairness and public policy do not favor applying the two-year limitations period pursuant to *Stavropoulos*.

Here, there is no dispute that the conduct at issue arose from respondent's performance of professional services to S&J in the breach of contract action. Accordingly, the one-year limitations period in section 340.6 governs all of appellants' claims against respondent. Since this action was filed almost two years after judgment was entered in the breach of contract action, it is time-barred.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.