Filed 8/8/14  (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NANCY F. LEE, | |
| Plaintiff and Appellant, | G048501 |
| v. | (Super. Ct. No. 30-2011-00532352) |
| WILLIAM B. HANLEY, | ORDER MODIFYING OPINION AND DENYING PETITIONS FOR REHEARING |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

On the court's own motion, the opinion filed in this case on July 15, 2014 is hereby ORDERED modified as follows:

1.      On page 3 of the opinion, after the sentence reading, "We hold that, to the extent a claim is construed as a wrongful act not arising in the performance of legal services, such as garden variety theft or conversion, section 340.6 is inapplicable[,]" add the following footnote:  "Of course, by so stating, we do not mean to imply that those are the only two causes of action to which the statute does not apply."

2.      On page 3, delete the first full paragraph.  Substitute the following paragraph:  "The gist of Lee's second amended complaint was that, after Attorney Hanley's services to her had been terminated, he wrongfully refused to return money belonging to her.  In other words, her lawsuit as framed was based on the purported acts or omissions of Attorney Hanley that did not arise in the performance of professional services to her.  The matter before us was resolved at the demurrer stage, before the facts

were developed.  We do not know whether, on remand, the facts as ultimately developed will show a theft of funds, an accounting error, or something else.  While a cause of action based on the theft or conversion of client funds, for example, would not be subject to the section 340.6 statute of limitations, a cause of action predicated on an accounting error could be.  The '[r]esolution of a statute of limitations defense normally is a factual question . . . .  [Citation.]'  (*City of San Diego v. U.S. Gypsum Co.* (1994) 30 Cal.App.4th 575, 582; *Baright v. Willis* (1984) 151 Cal.App.3d 303, 311.)  Here, we cannot say that Lee's second amended complaint demonstrates clearly and affirmatively on its face that her action is necessarily barred by the section 340.6 statute of limitations.  (*Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303, 321 (*Stueve Bros. Farms*).)  This being the case, the court erred in sustaining the demurrer."

3.  On page 6, add the following sentence as the last sentence of the second full paragraph:  "'"When a demurrer is sustained with leave to amend, and the plaintiff chooses not to amend but to stand on the complaint, an appeal from the ensuing dismissal order may challenge the validity of the intermediate ruling sustaining the demurrer. [Citation.]'  (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 312.)"

4.  On page 9, in the first sentence of the first full paragraph, insert the word "duty" between the words "fiduciary" and "causes."

5.  On page 12, delete the paragraph reading:  "As we have stated, the second amended complaint in the matter before us included causes of action for breach of contract, breach of fiduciary duty, unjust enrichment, money had and received, and an equitable right to the return of unused funds.  It did not assert causes of action for theft, conversion, or fraud."

6.  On page 12, delete the first two words of the paragraph beginning, "However, we" and substitute the word "We."

2

7. Change the first citation appearing on page 13 to read: "(*MacIsaac, supra,* 26 Cal.2d at p. 815.)"

8. On page 13, add the following language at the end of the second full paragraph: "Given this, her second amended complaint was sufficient to withstand a demurrer. We do not mean to imply that Lee's causes of action other than conversion are necessarily barred by the section 340.6 statute of limitations. As we stated at the outset, whether the facts ultimately will show that Attorney Hanley's acts or omissions supporting Lee's various causes of action were acts or omissions arising in the performance of professional services is a matter yet to be determined."

9. Delete the last sentence of the paragraph which begins on page 13 and ends on page 14.

There is no change in the judgment.

Appellant Nancy F. Lee and respondent William B. Hanley each filed a petition for rehearing on July 30, 2014. Each of the petitions for rehearing is DENIED.

MOORE, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

THOMPSON, J.

3

Filed 7/15/14 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NANCY F. LEE, | |
| Plaintiff and Appellant, | G048501 |
| v. | (Super. Ct. No. 30-2011-00532352) |
| WILLIAM B. HANLEY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge. Reversed.

Walter J. Wilson for Plaintiff and Appellant.

Law Offices of Dimitri P. Gross and Dimitri P. Gross for Defendant and Respondent.

\*          \*          \*

Plaintiff and appellant Nancy F. Lee hired Attorney William B. Hanley to represent her in certain civil litigation. After the litigation settled, Lee sought a refund of unearned attorney fees and unused expert witness fees she had advanced to Attorney Hanley. Not having received a refund, Lee hired Attorney Walter J. Wilson and terminated the services of Attorney Hanley. Attorney Hanley thereafter refunded certain expert witness fees, but no attorney fees. More than a year after hiring Attorney Wilson, Lee filed a lawsuit against Attorney Hanley seeking the return of attorney fees.

Attorney Hanley filed a demurrer to Lee's second amended complaint, based on the one-year statute of limitations contained in Code of Civil Procedure section 340.6.[1] The court sustained the demurrer and dismissed the action with prejudice. Lee appeals. We reverse.

Section 340.6 provides the statute of limitations for an action based on "a wrongful act or omission, other than for actual fraud, arising in the performance of professional services . . . ." According to the plain wording of the statute, to the extent the wrongful act or omission in question arises "in the performance of professional services," the statute applies; to the extent the wrongful act or omission in question does not arise "in the performance of professional services," the statute is inapplicable.

This notwithstanding, it seems that almost any time a client brings an action against his or her attorney the wrongful act in question is construed as one arising in the performance of legal services, such that section 340.6 applies. But surely it cannot be the case that every conceivable act an attorney may take that affects his or her client is one arising in the performance of legal services. For example, if a client leaves her purse unattended in the attorney's office and the attorney takes money from it, would we say that act arose in the performance of legal services? How different is it if, when the legal services have been completed and the attorney's representation has been terminated, the

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise specifically stated.

2

attorney keeps the unearned fees belonging to the client?  To steal from a client is not to render legal services to him or her.  We hold that, to the extent a claim is construed as a wrongful act not arising in the performance of legal services, such as garden variety theft or conversion, section 340.6 is inapplicable.

The matter before us was resolved at the demurrer stage, before the facts were developed.  However, the "[r]esolution of a statute of limitations defense normally is a factual question . . . .  [Citation.]"  (*City of San Diego v. U.S. Gypsum Co.* (1994) 30 Cal.App.4th 575, 582; *Baright v. Willis* (1984) 151 Cal.App.3d 303, 311.)  Here, the facts alleged in Lee's second amended complaint could be construed as giving rise to a cause of action for the theft or conversion of an identifiable sum of money belonging to her.  This being the case, we cannot say that Lee's second amended complaint demonstrates clearly and affirmatively on its face that her action is necessarily barred by the section 340.6 statute of limitations.  (*Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303, 321 (*Stueve Bros. Farms*).)  Because this action has not reached a point where the court can determine whether the wrongful act in question arose in the performance of legal services, and thus, whether or not section 340.6 applies, the demurrer should not have been sustained.

I

FACTS

In her second amended complaint, Lee alleged that the litigation Attorney Hanley had handled for her settled on January 25, 2010, the lawsuit was dismissed three days later, and Attorney Hanley did no further work on the matter thereafter.  Attached to her second amended complaint were copies of a February 1, 2010 letter from Attorney Hanley to Lee and a February 1, 2010 invoice for legal services.  The letter stated that Lee had a credit balance of $46,321.85 and the invoice so reflected.  The invoice itemized work performed in January 2010, including the drafting of a settlement agreement and cover letter on January 18, 2010.  Lee also alleged that in April 2010, she telephoned

3

Attorney Hanley and asked for a final billing statement and a return of her unused funds but that Attorney Hanley, in a harsh manner, told her she had no credit balance and would receive no refund.

On December 6, 2010, Lee and Attorney Wilson each sent a letter to Attorney Hanley demanding the refund of $46,321.85 in unearned attorney fees plus approximately $10,000 in unused expert witness fees. By these letters, Lee terminated the services of Attorney Hanley and she and Attorney Wilson each informed him that Attorney Wilson would pursue the collection of the monies owed by Attorney Hanley to Lee and also would handle any remaining matters associated with the settled litigation.

In her second amended complaint, Lee also alleged that, on or about December 28, 2010, Attorney Hanley returned $9,725 in unused expert witness fees. However, he never returned the $46,321.85 in unearned attorney fees.

On December 21, 2011, Lee filed her initial complaint against Attorney Hanley. Attorney Hanley filed a demurrer based on the one-year statute of limitations. (§ 340.6.) However, before that demurrer was heard, Lee filed a first amended complaint. The court ruled that the demurrer was moot.

Attorney Hanley filed a demurrer to the first amended complaint, also on the basis of the statute of limitations. The court sustained the demurrer with leave to amend.

Lee then filed her second amended complaint and Attorney Hanley filed another demurrer, again based on the statute of limitations. The court sustained the demurrer with leave to file a further amended complaint. In her opening brief on appeal, Lee represents, albeit without citation to the record, that the court sustained the demurrer with respect to all grounds other than fraud, but gave Lee leave to amend with respect to allegations based on fraud. Lee also states that because she "was unwilling to plead fraud against" Hanley, she did not file a further amended complaint. The court dismissed her action with prejudice.

4

II

DISCUSSION

A. *Preliminary Matter—Request for Judicial Notice:*

Lee has filed a request for judicial notice, in which she asks this court to take notice of (1) certain portions of the legislative history of section 340.6, and (2) certain correspondence concerning her complaint to the State Bar of California about Attorney Hanley. Attorney Hanley opposes the motion. He says Lee failed to put the documents in question before the trial court and they are, in any event, irrelevant to the issues raised in this appeal.

The fact that Lee did not address the legislative history of section 340.6 in the trial court does not mean she may not raise it on appeal from a judgment of dismissal following the sustaining of a demurrer. "An appellate court may . . . consider new theories on appeal from the sustaining of a demurer to challenge or justify the ruling. As a general rule a party is not permitted to . . . raise new issues not presented in the trial court. [Citation.] . . . However, 'a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts.' [Citations.] A demurrer is directed to the face of a complaint (Code Civ. Proc., § 430.30, subd. (a)) and it raises only questions of law [citations]. Thus an appellant challenging the sustaining of a general demurrer may change his or her theory on appeal [citation], and an appellate court can affirm or reverse the ruling on new grounds. [Citations.] After all, we review the validity of the ruling and not the reasons given. [Citation.]" (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.)

In this case, the proper interpretation of section 340.6 is a question of law and this court may consider the legislative history of section 340.6 in addressing the issue. Consequently, we grant Lee's request to take judicial notice of the portions of the legislative history attached as exhibits 1 through 3 to her request.

5

However, the correspondence concerning the State Bar investigation of Lee's complaint about Attorney Hanley is irrelevant to the determination of the issues on appeal. Consequently, we deny Lee's request to take judicial notice of the documents attached as exhibit 4 to her request.

*B. Standard of Review:*

"We review de novo an order sustaining a demurrer to determine whether the complaint alleges facts sufficient to state a cause of action. [Citation.]" (*Yee v. Cheung* (2013) 220 Cal.App.4th 184, 192 (*Yee*), criticized on another point in *Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 668, 677 (*Roger Cleveland*) [statute inapplicable to malicious prosecution claims].) "When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citation.]" (*Yee*, *supra*, 220 Cal.App.4th at p. 193.)

"'"'A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear of the face of the complaint; it is not enough that the complaint shows that the action may be barred. [Citation.]' [Citation.]" [Citation.]' [Citations.]" (*Stueve Bros. Farms*, *supra*, 222 Cal.App.4th at p. 321.[2])

---

[2] We address the issues framed by the parties. In *Stueve Bros. Farms, supra,* 222 Cal.App.4th 303, we were not asked to address whether section 340.6 was simply inapplicable to causes of action based on the misappropriation of client assets.

6

*C. Section 340.6:*

Section 340.6, subdivision (a) provides: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . . [I]n no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] . . . [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred. [¶] (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation. . . ."

*D. Performance of Professional Services:*

*(1) Levin and Prakashpalan Cases—*

Lee argues that the plain wording of section 340.6 shows the statute is inapplicable to her case. She says Attorney Hanley completed his legal work when the litigation he was handling was settled and the case was dismissed. Any actions he took thereafter, including the wrongful keeping of the money belonging to her, were not part of the performance of professional services, because the performance of professional services had terminated. She also contends that the misappropriation of client funds cannot be construed as the performance of professional services, no matter what the timing.

Attorney Hanley disagrees, citing *Levin v. Graham & James* (1995) 37 Cal.App.4th 798 (*Levin*) and *Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105 (*Prakashpalan*). In *Levin*, the plaintiff stated causes of action for

7

malpractice, identified unconscionable attorney fees as an aspect of malpractice, and requested a refund of unconscionable attorney fees as a remedy for malpractice. Under the facts of the case, the court rejected the assertion that a claim of unconscionable attorney fees was anything other than a claim for malpractice, subject to section 340.6. The court observed that the plaintiff had asserted no claim independent of attorney malpractice, such as money had and received, and had not suggested another statute of limitations. (*Levin*, *supra*, 37 Cal.App.4th at pp. 804-805.)

According to Attorney Hanley, *Levin*, *supra*, 37 Cal.App.4th 798 shows that Lee's claim for a refund of attorney fees is subject to the one-year statute of limitations contained in section 340.6. However, that case is distinguishable from the one before us. The court in *Levin* did not address either a demurrer or a situation where the plaintiff had asserted a cause of action other than malpractice. Furthermore, it did not purport to address all possible claims with respect to attorney fees, such as claims of theft or conversion.

Here, Lee expressed her general satisfaction with Attorney Hanley's performance of services. Her claim that the credit balance belonged to her was not based on either malpractice or the unconscionability of the fee. Rather, she simply sought the return of money belonging to her, on various causes of action, including money had and received. *Levin*, *supra*, 37 Cal.App.4th 798 simply does not control.

We turn now to *Prakashpalan*, *supra*, 223 Cal.App.4th 1105. In that case, the plaintiffs alleged that the defendant law firm settled a class action lawsuit for 93 insureds in November 1997, but that the plaintiffs, as class members, did not learn until February 2012 that the defendant had failed to fully and properly distribute $22 million of the settlement funds. (*Id.* at pp. 1114-1115.) The trial court sustained the defendant's demurrer to the second amended complaint. (*Id.* at p. 1119.) The appellate court affirmed in part and reversed in part. (*Id.* at pp. 1137-1138.)

8

The appellate court held that the plaintiffs' malpractice and breach of fiduciary causes of action, based on the alleged wrongful withholding of the settlement funds, were barred by section 340.6. (*Prakashpalan*, *supra*, 223 Cal.App.4th at p. 1122.) The court stated: "Plaintiffs assert that the holding of settlement funds does not arise out of the provision of professional services and thus that section 340.6 does not apply for that reason. We disagree, as in this case, the funds in the trust account are settlement proceeds, [defendant's] conduct in holding such funds arises out of the provision of professional services, namely, the settlement of the case on plaintiffs' behalf." (*Id.* at p. 1122, fn. 4.)

According to Attorney Hanley, *Prakashpalan*, *supra*, 223 Cal.App.4th 1105 shows that when an attorney collects monies in the performance of professional services and a claim later arises over the retention or disbursement of those monies, the claim is one subject to section 340.6. Where in *Prakashpalan* the issue was the attorneys' failure to properly or fully distribute settlement funds collected in the performance of professional services, in the matter before us, Attorney Hanley observes, the issue is the attorney's failure to properly or fully distribute legal fees collected in the performance of professional services.

We see a difference in the two situations, however. An attorney's collection of settlement funds and distribution of those funds to the litigants entitled thereto is clearly part of the performance of the legal service of settling the lawsuit. However, an attorney's receipt of a client advance for the future performance of legal services does not constitute the attorney's performance of those services.

True enough, various cases have broadly stated that section 340.6 applies irrespective of whether the theory of liability is based on breach of contract or tort. The court in *Levin*, for example, stated: "Indeed, for any wrongful act or omission of an attorney arising in the performance of professional services, an action must be commenced within one year after the client discovers or through the use of reasonable

9

diligence should have discovered the facts constituting the wrongful act or omission. In all cases other than actual fraud, whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of a fiduciary duty, the one-year statutory period applies. [Citation.]" (*Levin*, *supra*, 37 Cal.App.4th at p. 805.) Similarly, the court in *Yee*, *supra*, 220 Cal.App.4th 184, stated: "The phrase '"wrongful act or omission"' is 'used interchangeably as a reference to both tortious and contractual wrongdoing.' [Citation.]" (*Id.* at pp. 194-195.)

The critical point, however, is that those cases do not state that the statute applies whenever an attorney commits any tort of any nature. Rather, they include the qualification, as set forth plainly in the statute, that the wrongful act or omission must be one "arising in the performance of professional services." (See, e.g., *Levin*, *supra*, 37 Cal.App.4th at p. 805; *Yee*, *supra*, 220 Cal.App.4th at pp. 194-195.)

*(2) Legislative history—*

Lee argues that the legislative history of section 340.6 shows the statute was intended to apply only to malpractice claims. We observe that the point was recently addressed in *Roger Cleveland*, *supra*, 225 Cal.App.4th 660.

The court in *Roger Cleveland*, *supra*, 225 Cal.App.4th 660 criticized the decisions in *Yee*, *supra*, 220 Cal.App.4th 184 and *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874 (*Vafi*) to the effect that section 340.6 applies to malicious prosecution claims. The *Roger Cleveland* court held, for various reasons not important here, that the statute of limitations of section 335.1 is the one that applies to those claims. (*Roger Cleveland*, *supra*, 225 Cal.App.4th at p. 668.) It stated, inter alia: "Based upon the plain language of section 340.6, subdivision (a), we conclude the Legislature's use of 'wrongful act or omission' by an attorney arising in the performance of professional services was intended to include any legal theory related to a claim by a client or former client against his or her attorney, and not a claim by a third party, alleging the attorney

10

maliciously prosecuted an action against the plaintiff." (*Roger Cleveland*, *supra*, 225 Cal.App.4th at p. 680.)

In addition, the court in *Roger Cleveland*, *supra*, 225 Cal.App.4th 660 observed that its interpretation was consistent with the legislative history of section 340.6. It construed the legislative history of the statute, despite the plain wording of the statute, to reflect a legislative intent to apply the one-year statute of limitations to malpractice claims specifically. (*Id.* at pp. 680-682.)

The court noted that Assembly Bill No. 298 ((1977-1978 Reg. Sess.) as introduced Jan. 25, 1977) originally proposed a limitations period applicable "'[i]n any action for damages against an attorney based upon the attorney's alleged professional negligence.'" (*Roger Cleveland*, *supra*, 225 Cal.App.4th at p. 681, fn. omitted.) However, commentator Ronald E. Mallen suggested using the phrase "'wrongful act or omission occurring in the rendition of professional services'" because the concept of attorney malpractice was difficult to define. (*Ibid.*) He further suggested that the limitations period be inapplicable to acts of actual fraud. (*Ibid.*)

As the court in *Roger Cleveland*, *supra*, 225 Cal.App.4th 660 explained in some detail, the suggested language "wrongful act or omission" was thereafter included in the proposed legislation, although various communications and legislative materials regarding the proposed legislation continued to refer to the bill as pertaining to the statute of limitations for attorney malpractice actions. (*Id.* at pp. 681-682.) The court concluded: "Our review of the legislative history indicates the Legislature intended to create a specially tailored statute of limitations for legal malpractice actions . . . ." (*Id.* at p. 682.)

*(3) Plain meaning—*

This notwithstanding, the courts have for years looked to the wording of the statute as ultimately adopted, pertaining to "a wrongful act or omission, other than for actual fraud, arising in the performance of professional services" (§ 340.6), and applied it

11

to allegations of wrongful acts or omissions other than malpractice.  (See, e.g., *Vafi*, *supra*, 193 Cal.App.4th 874 [malicious prosecution].)  "The principles of statutory analysis are well established.  '"[W]e must look first to the words of the statute, 'because they generally provide the most reliable indicator of legislative intent.'  [Citation.]  If the statutory language is clear and unambiguous our inquiry ends.  'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.'  [Citations.]  In reading statutes, we are mindful that words are to be given their plain and commonsense meaning.  [Citation.]"  [Citation.]  Thus, we "avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend.  [Citation.]"  [Citation.]'  [Citation.]"  (*Id.* at p. 880.)

Here, we find the words of the statute to be plain and unambiguous.  They provide the applicable statute of limitations for an action based on "a wrongful act or omission, other than for actual fraud, arising in the performance of professional services . . . ."  (§ 340.6.)  So, if the wrongful act or omission at issue arises "in the performance of professional services," the statute applies.  If the wrongful act or omission at issue does not arise "in the performance of professional services," the statute is inapplicable.  As we have already stated, an attorney does not provide a service to the client by stealing his or her money.

As we have stated, the second amended complaint in the matter before us included causes of action for breach of contract, breach of fiduciary duty, unjust enrichment, money had and received, and an equitable right to the return of unused funds.  It did not assert causes of action for theft, conversion, or fraud.

However, we bristle against cutting off a litigant's claims because of inartful or sloppy pleading.  (See, e.g., *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 (*Barquis*); *MacIsaac v. Pozzo* (1945) 26 Cal.2d 809, 816 (*MacIsaac*).)  Rather, we liberally construe his or her pleading with a view to achieving substantial justice.  (*Yue v. City of Auburn* (1992) 3 Cal.App.4th 751, 756-757.)  Even if a litigant is

12

inarticulate with respect to the relief sought, he or she is "nevertheless entitled to any relief warranted by the facts pleaded, and [the] failure to ask for the proper relief is not fatal to [his or her] cause. [Citations.]" (*MacIsaac v. Pozzo*, *supra*, 26 Cal.2d at p. 815.)

Moreover, "we are not limited to plaintiffs' theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the *factual* allegations of the complaint are adequate to state a cause of action under any legal theory. The courts of this state have, of course, long since departed from holding a plaintiff strictly to the 'form of action' he has pleaded and instead have adopted the more flexible approach of examining the facts alleged to determine if a demurrer should be sustained. [Citations.]" (*Barquis*, *supra*, 7 Cal.3d at p. 103.)

The second amended complaint in the matter before us alleged that, after Attorney Hanley's services with respect to the settled litigation had been fully completed, he knowingly refused to release money belonging to Lee, which he himself had characterized as her "credit balance." When we liberally construe the second amended complaint we see that, despite Lee's form of pleading, she has made factual allegations adequate to state a cause of action for conversion, for example. (*Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208-209, 215-216 [wrongful exercise of dominion over identifiable sum of money belonging to another].)

As we have already noted, ""'"A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear of the face of the complaint; it is not enough that the complaint shows that the action may be barred. [Citation.]' [Citation.]" [Citation.]' [Citations.]" (*Stueve Bros. Farms*, *supra*, 222 Cal.App.4th at p. 321.) Here, we cannot say that Lee's second amended complaint demonstrates clearly and affirmatively on its face that her action is necessarily barred by the statute of limitations. It is simply premature at this point to conclude that Lee cannot allege "facts sufficient to state a cause of action under any possible legal

13

theory" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 870) that will survive the bar of the one-year statute of limitations.

### E.  Remaining Arguments:

#### (1)  Introduction—

We address Lee's tolling and date of discovery arguments, in case on remand and further development of the facts, she continues to assert causes of action to which section 340.6 applies.  However, we do not address Lee's argument that section 340.6 is unconstitutional as applied, due to her failure to provide any legal authority in support of that argument.  (*Roden v. AmerisourceBergen Corp.* (2010) 186 Cal.App.4th 620, 648-649.)  We also do not address arguments Lee raised for the first time in her reply brief.  (*Schubert v. Reynolds* (2002) 95 Cal.App.4th 100, 108.)

#### (2)  Tolling—

Lee says that, even though she and Attorney Wilson each sent termination letters to Attorney Hanley on December 6, 2010, Attorney Hanley continued to represent her until he delivered to her the December 28, 2010 check for the refund of unused expert witness fees, because the delivery of the check was an act in representation of her as her attorney.  This is, of course, contrary to her assertion, in other portions of her briefing on appeal, that all professional services were terminated when the settled litigation was dismissed.  In any event, it is clear, for the purposes of the tolling provision of section 340.6, that Attorney Hanley's services were terminated no later than December 6, 2010, and that the one-year statute began to run no later than that date.  (*Stueve Bros. Farms*, *supra*, 222 Cal.App.4th at p. 314.)

#### (3)  Date of Discovery—

Lee also states she did not discover Attorney Hanley claimed that the taking of her money arose in the performance of professional services and that section 340.6 applied, until Attorney Wilson received the February 29, 2012 demurrer to her complaint.

Although Lee does not articulate the significance of her statement, we gather she views the date she discovered Attorney Hanley's legal theory as having some bearing upon the triggering of the statute of limitations. It does not. While the date of discovery of an attorney's alleged wrongful act is relevant to a determination of the running of the statute of limitations under section 340.6, the date of discovery of the attorney's legal defense is not. (Cf. *Croucier v. Chavos* (2012) 207 Cal.App.4th 1138, 1146 [plaintiff's ignorance of legal theories is irrelevant].)

## III

## DISPOSITION

The judgment of dismissal is reversed. Lee shall recover her costs on appeal.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

15