[No. G037792. Fourth Dist., Div. Three. Apr. 12, 2007.]

In re BRANDY R., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
DAISY R., Defendant and Appellant.

COUNSEL

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**IKOLA, J.**—Daisy R. (mother) appeals from a postjudgment order under Welfare and Institutions Code section 366.26[1] terminating her parental rights to her 20-month-old daughter, Brandy R., and freeing the child for adoption. Mother's sole contention is that the trial court had no jurisdiction to hold the .26 hearing until issuance of the remittitur after our denial of mother's previous writ petition. (*Daisy R. v. Superior Court* (Sept. 1, 2006, G037130) [nonpub. opn.].) The petition pertained to orders at the six-month review hearing when the court scheduled the .26 hearing. (§ 366.26; Cal. Rules of Court, rule 8.452, formerly rule 38.1.)

In light of the very narrow issue before us, we need not reiterate the material or discuss events leading up to the time of the .26 hearing. We note that despite the vast array of supportive services provided to mother through the duration of two dependency proceedings, her cognitive limitations presented an insurmountable hurdle to her acquisition of parenting skills adequate to protect her child. Brandy, now nearly two years old, is transitioning for adoption by the caregivers who have provided a home for her since shortly after her birth. She has bonded with her four-year-old brother, Nathan, earlier adopted by the same family.

## DISCUSSION

Mother argues the juvenile court was without jurisdiction to commence the scheduled .26 hearing on October 19, 2006, because the matter was automatically stayed pending issuance of the remittitur from the prior writ proceeding. We disagree.

As a general rule, under Code of Civil Procedure section 916, an appeal stays further proceedings in the trial court regarding matters embraced in or affected by the judgment or order from which the appeal is taken. But

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated. All further references to the hearing under section 366.26 are to the .26 hearing.

an appeal is not a writ proceeding. An appeal is taken by right; a writ is an extraordinary, discretionary remedy. We see no basis for interpreting Code of Civil Procedure section 916 as equating the two. The manifest distinction between writ review and appeal is particularly well illuminated in juvenile dependency proceedings by the provisions of section 366.26, subdivision (*l*), which conditions the right to *appeal* an order setting the .26 hearing on, inter alia, a summary denial of a timely petition for *extraordinary writ review*. Thus, the Legislature clearly knows the difference between an appeal and extraordinary writ review and easily could have included language to accommodate an automatic stay in writ proceedings, but it did not. ■ Longstanding rules of statutory construction, as repeated in *People ex rel. Allstate Insurance Co. v. Muhyeldin* (2003) 112 Cal.App.4th 604 [5 Cal.Rptr.3d 492], prohibit us from rewriting the statute by inserting words of our own: " ' "[I]t still remains true, as it always has, that there can be no intent in a statute not expressed in its words, and there can be no intent upon the part of the framers of such a statute which does not find expression in their words." [Citations.] . . . "Words may not be inserted in a statute under the guise of interpretation." ' ". (*Id.* at p. 611.)

■ Moreover, California Rules of Court, rule 8.452(g) (formerly rule 38.1(g)) gives us—"the reviewing court"—discretion to stay the .26 hearing pending determination of the writ, but tells us we "must require an exceptional showing of good cause" to justify the stay. This virtually compels the conclusion that the court had authority to go forward with the .26 hearing even though the remittitur had not issued from mother's writ proceeding. The mandate requiring "an exceptional showing of good cause" for the stay a fortiori negates the application of an *automatic* stay. The need for "an exceptional showing of good cause" is consistent with and subserves the "strong public policy against protracted litigation in dependency cases." (*In re Natasha A.* (1996) 42 Cal.App.4th 28, 40 [49 Cal.Rptr.2d 332].)

We need not belabor the point. Mother concedes her additional case, *In re Terrance B.* (2006) 144 Cal.App.4th 965 [50 Cal.Rptr.3d 815], is not squarely on point, and we find it inapt. Additionally, to the extent another panel of this court, in *Overton v. Superior Court* (1994) 22 Cal.App.4th 112, 116 [27 Cal.Rptr.2d 274], indicated that in certain situations appearing "only slightly more often than the passenger pigeon" the "appeal" referenced in Code of Civil Procedure section 170.6 may include a writ proceeding, we simply note this is not one of those situations. Writ review of an order setting a .26 hearing occurs with far greater frequency than the "passenger pigeon"—a result compelled by the Legislature's express recognition of the distinction between an ordinary appeal and extraordinary writ review. Yet, despite the frequency of writ petitions under California Rules of Court, rule 8.452 in

juvenile dependency proceedings, the Legislature has not provided for an automatic stay of trial court proceedings. We likewise decline the invitation to do so.

## DISPOSITION

The postjudgment order is affirmed.

Rylaarsdam, Acting P. J., and Bedsworth, J., concurred.

On May 4, 2007, the opinion was modified to read as printed above.