Filed 10/23/23; Certified for Publication 11/15/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DANIEL ESCAMILLA,<br><br>        Plaintiff and Appellant,<br>v.<br><br>JOHN VANNUCCI,<br><br>        Defendant and Respondent. | A166176<br><br>(Alameda County<br>Super. Ct. No. RG21111193) |

Plaintiff Daniel Escamilla filed a malicious prosecution action against defendant John Vannucci, the attorney for the opposing parties in prior litigation.  The trial court granted Vannucci's anti-SLAPP[1] motion to strike the claim, finding that Escamilla's malicious prosecution claim was barred by the one-year statute of limitations in subdivision (a) of section 340.6 for "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services."  In granting the motion, the court relied on *Connelly v. Bornstein* (2019) 33 Cal.App.5th 783 (*Connelly*) and *Garcia v. Rosenberg* (2019) 42 Cal.App.5th 1050 (*Garcia*), both of which held that section 340.6, subdivision (a) governs malicious

---

[1] "SLAPP" stands for "strategic lawsuit against public participation." (Code Civ. Proc., § 425.18.)  All statutory references are to the Code of Civil Procedure unless otherwise specified.

prosecution claims against attorneys who performed professional services in the underlying litigation. (*Connelly*, at p. 794; *Garcia*, at p. 1060.)

On appeal, Escamilla argues that *Garcia* and *Connelly* were incorrectly decided, and that his malicious prosecution claim against Vannucci is timely under the two-year limitations period in section 335.1. In the alternative, he argues that the statute of limitations is tolled under subdivision (a)(2) of section 340.6. We agree with *Connelly* and *Garcia* that subdivision (a) of section 340.6 applies to malicious prosecution claims against attorneys who performed professional services in the underlying litigation. We further conclude that the tolling provision in section 340.6, subdivision (a)(2) is inapplicable here. Accordingly, we affirm.

## I. BACKGROUND

Escamilla is a fugitive recovery agent. The parties do not dispute that in September 2012, Escamilla and his associate searched the residence of Andy Yu Feng Yang (Yang), Lan Ting Wu, and their son, T.Y., for Yang's brother, who had skipped bail on a drug charge.

In August 2014, Yang, Wu, and T.Y. (collectively, the plaintiffs) brought an action in the Superior Court in San Francisco County against Escamilla based on the September 2012 incident. Their first amended complaint asserted several claims, including negligence, false imprisonment, assault, violation of the Ralph Civil Rights Act of 1976 (Civ. Code, § 51.7), and battery (the underlying lawsuit). They were represented by attorney Vannucci.

In June 2017, the trial court sustained Escamilla's demurrer with leave to amend as to the cause of action for violation of the Ralph Act. It appears from the record that the plaintiffs abandoned this cause of action by not further amending their complaint.

2

A few months later, Escamilla filed a cross-complaint asserting, among other causes of action, a claim for abuse of process against Yang for instituting civil harassment proceedings resulting in a temporary restraining order.

After trial was held in August 2019, the jury found in favor of Escamilla as to the plaintiffs' remaining causes of action and as to his cross-claim for abuse of process.

Approximately one year and eleven months later, Escamilla filed a malicious prosecution complaint naming Yang, Wu, T.Y., and Vannucci as defendants.[2] He alleged that the underlying lawsuit arose from his "lawful" search of the plaintiffs' residence. He wrote a letter to Vannucci in September 2014 warning him of the "frivolous" nature of the plaintiffs' complaint, yet he spent the next six years litigating the action.

Vannucci filed an anti-SLAPP motion. He asserted the malicious prosecution claim arose out of his representation of the plaintiffs in the underlying lawsuit, which was protected activity under the anti-SLAPP statute. Further, Escamilla would not be able to prove a probability of prevailing because his malicious prosecution claim was barred by the one-year limitations period in section 340.6, subdivision (a). Escamilla opposed the motion, arguing that his malicious prosecution claim was not time-barred because it was governed by the two-year statute of limitations in section 335.1.

The trial court granted the motion, finding that the statute of limitations in section 340.6 applied to bar Escamilla's malicious prosecution claim against Vannucci.

---

[2] He also asserted a cause of action for fraud against Yang, Wu, and T.Y.

This appeal followed.

## II. DISCUSSION

### A. Standard of Review

The anti-SLAPP statute is "designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884.)  A defendant may therefore file a special motion to strike claims "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

Resolution of a special motion to strike requires the court to engage in a two-step process.  "First, the court decides whether the defendant has made the threshold showing that the challenged cause of action is one arising from protected activity." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)  If the court finds a showing has been made under the first step, "it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Ibid.*)  We review a trial court's order denying an anti-SLAPP motion de novo. (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573.)

### B. First Step: Protected Activity

The first step of the anti-SLAPP analysis requires us to decide whether Escamilla's malicious prosecution claim arises from protected activity.  Here, Escamilla does not dispute that Vannucci's initiation of the plaintiffs' complaint in the underlying lawsuit is protected activity.  (See *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735 ["every Court of Appeal that has addressed the question has concluded that malicious

4

prosecution causes of action fall within the purview of the anti-SLAPP statute"].)  Thus, the first step of the anti-SLAPP analysis is met.

## C. Second Step: Probability of Prevailing

The second step of the anti-SLAPP analysis requires us to decide whether Escamilla has demonstrated a probability of prevailing on his malicious prosecution claim against Vannucci.  (See *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 ["the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated"]; § 425.16, subd. (b)(1).)

The trial court found that Escamilla could not satisfy his burden of showing a probability of prevailing because his malicious prosecution claim was barred by the one-year statute of limitations in section 340.6.  That statute provides, "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever comes first."  (§ 340.6, subd. (a).)  In finding that section 340.6 contained the applicable statute of limitations, the trial court relied on *Connelly, supra*, 33 Cal.App.5th 783 and *Garcia, supra*, 42 Cal.App.5th 1050, both of which held that subdivision (a) of the statute applies to malicious prosecution claims against attorneys who performed professional services in the underlying litigation.  (*Connelly*, at p. 794; *Garcia*, at p. 1060.)

On appeal, Escamilla does not dispute that he filed his malicious prosecution claim more than one year after judgment was rendered in the underlying litigation.  He insists, however, that *Connelly* and *Garcia*

5

improperly extended our Supreme Court's holding in *Lee v. Hanley* (2015) 61 Cal.4th 1225 (*Lee*) to claims brought by plaintiffs who were not in an attorney-client relationship with the defendant attorney. He contends that the two-year limitations period in section 335.1 for "injur[ies] to" a person "caused by the wrongful act or neglect of another" instead governs his malicious prosecution claim against Vannucci, and therefore the claim is timely. (§ 335.1.) As we will explain, we agree with the trial court that Escamilla cannot establish a probability of success on his malicious prosecution claim because it is barred by the one-year statute of limitations in section 340.6. (See *Yang v. Tenet Healthcare Inc.* (2020) 48 Cal.App.5th 939, 950 [finding no probability of prevailing for purposes of anti-SLAPP statute where claim was time-barred]; *Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 816 [same].)

### 1. Lee v. Hanley

Our high court in *Lee* construed section 340.6, subdivision (a), clarifying the phrase " 'arising in the performance of professional services' " as used in the statute. (*Lee, supra*, 61 Cal.4th at p. 1229.) *Lee* concerned a client who sued her former attorney for failing to return a retainer balance. (*Id.* at pp. 1230–1231.) The attorney demurred, arguing section 340.6's one-year limitations period barred the client's claim because she sued him more than a year after he first refused to return the retainer balance. (*Id.* at p. 1231.) The trial court agreed and sustained the demurrer without leave to amend. (*Ibid.*)

On review, the Supreme Court examined the purpose of section 340.6, subdivision (a), and its legislative history, concluding that the statute applies to claims beyond malpractice claims. (*Lee, supra*, 61 Cal.4th at p. 1236.) The court held, "section 340.6(a)'s time bar applies to claims whose merits

6

necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." (*Id.* at pp. 1236–1237.)  The court defined a " 'professional obligation' " as "an obligation that an attorney has by virtue of being an attorney, such as fiduciary obligations, the obligation to perform competently, the obligation to perform the services contemplated in a legal services contract into which an attorney has entered, and the obligations embodied in the State Bar Rules of Professional Conduct." (*Ibid.*)

The court further explained that "[m]isconduct does not 'aris[e] in' the performance of professional services for purposes of section 340.6(a) merely because it occurs during the period of legal representation or because the representation brought the parties together and thus provided the attorney the opportunity to engage in the misconduct." (*Lee, supra*, 61 Cal.4th at p. 1238.)  *Lee* cited sexual battery and " 'garden-variety theft' " as examples of wrongful conduct that may violate both an attorney's professional obligations and "obligations that all persons subject to California's laws have." (*Ibid.*)  In such cases, "the question is whether the claim, in order to succeed, necessarily depends on proof that an attorney violated a professional obligation as opposed to some generally applicable nonprofessional obligation." (*Ibid.*)

Applying the foregoing standard, the Supreme Court reversed the order sustaining the demurrer, finding that the client's complaint could "be construed to allege that [the attorney] is liable for conversion for simply refusing to return an identifiable sum of [the client's] money.  Thus, at least one of [the client's] claims does not necessarily depend on proof that [the attorney] violated certain professional obligations." (*Lee, supra*, 61 Cal.4th at p. 1240.)  The court noted, however, that if the client's "claim turns out to

7

hinge on proof that [the attorney] kept her money pursuant to an unconscionable fee agreement (Rules Prof. Conduct, rule 4–200) or that [the attorney] did not properly preserve client funds (*id.*, rule 4–100), her claim may be barred by section 340.6(a)." (*Ibid.*)

### 2. Connelly *and* Garcia

A few years after *Lee* was decided, our colleagues in Division 5 of this court were tasked with determining whether the statute of limitations in section 340.6, subdivision (a) applies to malicious prosecution actions against attorneys. (*Connelly, supra*, 33 Cal.App.5th at p. 789.) In *Connelly*, the plaintiff sued his former landlord and the landlord's attorney nearly two years after they had voluntarily dismissed an unlawful detainer action against him. (*Id.* at p. 788.) The attorney moved for judgment on the pleadings on the ground that the one-year statute of limitations in section 340.6 barred the plaintiff's claim against him. (*Ibid.*) The trial court granted the motion and entered judgment in favor of the attorney. (*Ibid.*)

On appeal from the judgment, the plaintiff argued that the two-year limitations period in section 335.1 applied instead of the statute of limitations in section 340.6, subdivision (a). (*Connelly, supra*, 33 Cal.App.5th at p. 789.) This court disagreed, concluding that section 340.6, subdivision (a) governs malicious prosecution claims against attorneys who performed professional services in the underlying litigation. (*Id.* at pp. 784, 799.) It reasoned, "an attorney who engages in malicious prosecution violates the obligation, embodied in the Rules of Professional Conduct, to not 'bring or continue an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person[,]' " because the rule "is a near-perfect mirror of two of the three elements of malicious prosecution and implicates a

8

lawyer's core professional duty to employ reasonable skill, prudence, and diligence in litigation." (*Id.* at pp. 794–795, citing Rules Prof. Conduct, rule 3.1(a)(1).)[3]  The court also agreed with *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874 (*Vafi*) and *Yee v. Cheung* (2013) 220 Cal.App.4th 184 (*Yee*), both decided before *Lee*, that section 340.6 is not limited to claims by clients and former clients based on its plain language.[4]  (*Connelly,* at p. 794, fn. 5.)

*Connelly* further noted that malicious prosecution "stands in sharp contrast to claims *Lee* identified as falling outside of the statute's scope," such as an attorney's " 'garden-variety theft' or 'sexual[] batter[y.]' " (*Connelly, supra*, 33 Cal.App.5th at p. 795.)  The latter type of wrongdoing "is intrinsically conduct that is incidental or ancillary to the provision of professional services itself." (*Ibid.*)  "In contrast, the wrongful conduct when an attorney engages in malicious prosecution *is the provision of professional services itself.*" (*Id.* at p. 796, italics in original.)

The court rejected the plaintiff's argument that section 340.6 does not apply to malicious prosecution because the elements of that claim are the same regardless of whether the defendant was the attorney or the plaintiff in the underlying litigation.  (*Connelly, supra*, 33 Cal.App.5th at p. 796.)  The court first noted that "the test *Lee* established comparing professional

---

[3] The elements of a malicious prosecution claim are the defendant (1) initiated an action that was ultimately terminated in the plaintiff's favor, (2) brought or maintained that action without probable cause, and (3) initiated the action with malice.  (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50.)

[4] *Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, also decided before *Lee*, disagreed with *Vafi* and *Yee*'s interpretation of section 340.6, subdivision (a), concluding instead that it was a "specially tailored statute of limitations for legal malpractice actions . . . ." (*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC*, at p. 682.)

9

obligations with generally nonprofessional obligations appears to be targeted at determining when such incidental conduct is nonetheless covered by section 340.6(a)." (*Id.* at p. 797.) As mentioned, the wrongful conduct when an attorney engages in malicious prosecution is not incidental to the provision of professional services. (*Ibid.*)

The court further found that there was a "material difference" between the respective obligations of attorneys and litigants to not engage in malicious prosecution because litigants can claim that they relied in good faith on the advice of counsel as a defense to the probable cause element of malicious prosecution. (*Connelly, supra*, 33 Cal.App.5th at p. 796.) In contrast, "attorneys are professionally obligated to competently perform legal services by personally assessing the tenability of a claim before asserting it. This obligation . . . is therefore 'a professional obligation as opposed to some generally applicable nonprofessional obligation.' " (*Id.* at p. 798.)

Like *Connelly*, *Garcia* involved a malicious prosecution claim brought against the attorney for the opposing party in the underlying litigation. (*Garcia, supra*, 42 Cal.App.5th at pp. 1054–1055.) The attorney filed an anti-SLAPP motion, asserting in part that the plaintiffs' claim was barred by the statute of limitations. (*Id.* at p. 1055.) The trial court granted the motion. (*Ibid.*) The Fifth District affirmed, citing *Connelly*. (*Id.* at pp. 1059–1061.)

### 3. Analysis

We agree with *Connelly* and *Garcia* that under the rule established by *Lee,* and based on section 340.6's plain language, the statute's limitations period applies to malicious prosecution claims against attorneys who represented a party in the underlying litigation. *Lee* concluded that section 340.6 went beyond legal malpractice claims to include any claim that "necessarily depend[s] on proof" that an attorney violated a professional

10

obligation, which includes the obligations "embodied in" the Rules of Professional Conduct (*Lee, supra*, 61 Cal.4th at pp. 1236–1237), and that is the case with malicious prosecution claims against attorneys who performed professional services in the underlying litigation. (See Rules Prof. Conduct, rule 3.1, subd. (a)(1) [attorneys must not "bring or continue an action . . . without probable cause and for the purpose of harassing or maliciously injuring any person"]; *Bertero v. National General Corp., supra*, 13 Cal.3d at p. 50 [discussing probable cause and malice elements of malicious prosecution].)

Escamilla offers four reasons he believes *Connelly* and *Garcia* were incorrectly decided. First, he asserts that section 340.6 is limited to actions brought by a party to the attorney-client relationship, pointing to *Lee*'s statement that, to fall within section 340.6, subdivision (a), "the question is whether the claim, in order to succeed, necessarily depends on proof that an attorney violated a professional obligation as opposed to some generally applicable nonprofessional obligation." (*Lee, supra*, 61 Cal.4th at p. 1238.) Although his argument is unclear, Escamilla appears to suggest that *Lee* confines the limitations period in section 340.6 to a client's action against his or her attorney because such actions are based on the "special duty of care" the attorney owes the client, while the "duty to refrain from malicious prosecution is an obligation shared by all persons" and arises from "common law, not from the Rules of Professional Conduct."

The test *Lee* established, however, focuses on whether the plaintiff's claim is based on facts that, if proved, would establish a violation of the attorney's professional obligation, rather than on the form of the plaintiff's cause of action or the plaintiff's relationship to the attorney. (*Connelly, supra*, 33 Cal.App.5th at pp. 796–797; see *Lee, supra*, 61 Cal.4th at p. 1239

11

["[i]f the facts stated in the complaint show that the basis for the plaintiff's conversion claim is that an attorney provided deficient legal services, then the plaintiff's claim will depend on proof that the attorney violated a professional obligation in the course of providing professional services and will thus be time-barred"]; see also *id.* at p. 1240.) Escamilla also fails to address *Connelly*'s point that the respective obligations of attorneys and litigants to refrain from malicious prosecution are distinct because attorneys cannot avoid their professional obligation to "competently perform legal services by personally assessing the tenability of a claim before asserting it" by claiming good faith reliance on the advice of another attorney. (*Connelly*, at p. 798.)

Moreover, we agree with *Connelly*, *Vafi*, and *Yee* that the plain language of section 340.6 does not confine the limitations period to claims by clients or former clients. The statute of limitations applies when "the plaintiff"—not the client—discovers a wrongful act "arising in the performance of professional services." (§ 340.6, subd. (a).) "If the Legislature wanted to limit the reach of section 340.6 to malpractice actions between clients and attorneys, it could have easily done so." (*Vafi, supra*, 193 Cal.App.4th at p. 882.) Indeed, the statute has a tolling provision for situations in which there is a dispute between the attorney "and client concerning fees," showing that the Legislature knows how to limit a statutory provision to disputes between an attorney and his or her client. (§ 340.6, subd. (a)(5); see *Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 497 ["[o]rdinarily, where the Legislature uses a different word or phrase in one part of a statute than it does in other sections or in a similar statute concerning a related subject, it must be presumed that the Legislature intended a different meaning."].) To adopt Escamilla's interpretation would

12

suggest that the terms "plaintiff" and "client" are interchangeable in section 340.6 and would make "client" superfluous.[5] (See *Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1207 ["interpretations which render any part of a statute superfluous are to be avoided"].)

Escamilla next argues that proving a violation of Rules of Professional Conduct, rule 3.1 entails a higher burden of persuasion than proving a malicious prosecution claim, and therefore the limitations period in section 340.6 does not apply because his malicious prosecution claim does not "necessarily depend" on proof that Vannucci violated Rule 3.1.[6] His authority is the Rules of Procedure of the State Bar of California, rule 5.103, which requires the State Bar to prove "culpability by clear and convincing evidence." But this is not a disciplinary proceeding that could result in the loss of Vannucci's professional license. The standard of proof in civil cases is generally a preponderance of the evidence, even where the case involves proving an offense that in other contexts would carry a higher burden of proof. (See *Baxter Healthcare Corp. v. Denton* (2004) 120 Cal.App.4th 333, 365 [" 'default standard of proof in civil cases is the preponderance of the

---

[5] As discussed in more detail below, section 340.6 has a different tolling provision for situations in which the attorney continues to represent "the plaintiff." (§ 340.6, subd. (a)(2).) Escamilla briefly argues that the language of this tolling provision is evidence of a legislative intent to confine the limitations period to malpractice actions. However, the tolling provision "does not change the meaning of the word 'plaintiff' [in section 340.6] to 'client.' " (*Vafi, supra*, 193 Cal.App.4th at p. 882.)

[6] Escamilla argues in his reply that because Vannucci does not address his argument regarding the applicable standard of proof, he has "by waiver, conceded" that section 340.6 does not govern malicious prosecution claims. But "a respondent's complete failure to address an appellant's argument does not require us to treat the failure to respond as a concession the argument has merit." (*Griffin v. The Haunted Hotel, Inc.* (2015) 242 Cal.App.4th 490, 505, italics omitted.)

evidence,' " citing Evid. Code § 115]; *People ex rel. Allstate Insurance Co. v. Muhyeldin* (2003) 112 Cal.App.4th 604, 610 [" '[e]ven where the theory of the [civil] case involves the accusation of a crime, the burden of proving the crime . . . is met by a preponderance of the evidence"]; see also *Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1147 [attorney's professional negligence established by evidence he breached several Rules of Professional Conduct: "The standards governing an attorney's ethical duties are conclusively established by the Rules of Professional Conduct"]).  Thus, if Escamilla proves his malicious prosecution claim, he has proven by a preponderance of the evidence that Vannucci violated the professional obligation "embodied in" Rules of Professional Conduct, rule 3.1.  (*Connelly, supra*, 33 Cal.App.5th at pp. 792, 794, citing *Lee, supra*, 61 Cal.4th at pp. 1236–1237.)

Third, Escamilla argues that the Legislature's use of the phrase "arising in" in subdivision (a) of section 340.6 instead of the "more expansive" phrase "arising out of" indicates an intent to limit the application of the limitations period in section 340.6 to "those actions . . . by persons who have been in privity of contract with the attorney and not with regard to the attorney's acts or omissions taken against a non-client."  This interpretation ignores the rest of subdivision (a) of section 340.6, which is broadly worded to include an action by any "plaintiff" against an attorney for the attorney's conduct "arising in the performance of professional services."  (§ 340.6, subd. (a).)

Finally, Escamilla argues that the history and purpose of section 340.6 "conclusively establishes that the Legislature intended this section to apply exclusively to legal malpractice claims."  He points out that the statute was enacted "in 1977 amid rising legal malpractice insurance premiums" (*Lee, supra*, 61 Cal.4th at p. 1233), and he insists that applying a shorter statute of

14

limitations to malicious prosecution claims against attorneys would not decrease malpractice rates.

However, *Lee* expressly rejected the proposition that section 340.6 applies only to legal malpractice claims, noting that Assembly Bill No. 298 (1977–1978 Reg. Sess.), which added section 340.6 to the Code of Civil Procedure, was amended to replace the phrase "professional negligence" with the ultimately enacted language "wrongful act or omission, other than for actual fraud, arising in the performance of professional services." (*Lee, supra,* 61 Cal.4th at p. 1234.) The *Lee* court concluded from this history that "the Legislature intended to establish a limitations period that would apply broadly to any claim concerning an attorney's violation of his or her professional obligations in the course of providing professional services regardless of how those claims were styled in the plaintiff's complaint." (*Id.* at p. 1235.)

Moreover, *Connelly* noted that "malicious prosecution lawsuits against attorneys contribute to the cost of malpractice insurance, a key concern of the Legislature in enacting section 340.6(a)." (*Connelly, supra,* 33 Cal.App.5th at p. 795; see also *Yee, supra,* 220 Cal.App.4th at p. 197 [" 'California courts have acknowledged that malicious prosecution actions have an impact on attorney malpractice insurance premiums and raise the costs of practicing law' "].) While Insurance Code section 533, cited by Escamilla, prohibits a malpractice policy from providing indemnification for malicious prosecution claims, a policy "can include the duty to defend against such claims." (*Connelly*, at p. 795, citing *Downey Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478, 487.)

In sum, Escamilla has not persuaded us that the one-year limitations period in subdivision (a) of section 340.6 does not apply to his malicious prosecution claim against Vannucci.

### 4. *Tolling*

In the alternative, Escamilla argues that section 340.6's statute of limitations is tolled under subdivision (a)(2) of the statute until Vannucci formally withdraws as Yang's attorney of record in the underlying action. We conclude, however, that the tolling exception in section 340.6, subdivision (a)(2) does not apply in this case.

Under subdivision (a)(2) of section 340.6, the limitations period is tolled during the time "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (§ 340.6, subd. (a)(2).) A plain reading of this provision demonstrates that it is limited to situations where "the plaintiff" is in an attorney-client relationship with the defendant attorney. (See *Oden v. Board of Administration* (1994) 23 Cal.App.4th 194, 201 ["Statutory interpretation begins with the text and will end there if a plain reading renders a plain meaning"].) "This 'continuous representation' rule was adopted in order to 'avoid the disruption of an attorney-client relationship by a lawsuit while enabling the attorney to correct or minimize an apparent error, and to prevent an attorney from defeating a malpractice cause of action by continuing to represent the client until the statutory period has expired.' " (*Laird v. Blacker* (1992) 2 Cal.4th 606, 618.)

Escamilla's argument would require us to interpret the phrase "the plaintiff" in subdivision (a)(2) of section 340.6 to include the plaintiff in the underlying action that gives rise to a malicious prosecution claim against the attorney representing that plaintiff. However, as we have already indicated,

16

the term "the plaintiff" as used in subdivision (a) of section 340.6 refers to the party bringing a claim against the attorney, and nothing in the statute suggests that the term should be construed differently in subdivision (a)(2). (See *Scottsdale Ins. Co. v. State farm Mutual Automobile Ins. Co.* (2005) 130 Cal.App.4th 890, 899 ["[I]f a word or phrase has a particular meaning in one part of a law, we give it the same meaning in other parts of the law."].) To hold otherwise would allow nonclients like Escamilla to invoke the continuous representation tolling provision, which would not serve the policy goals of the rule to " 'avoid the disruption of an attorney-client relationship by a lawsuit' " and to prevent an attorney from running out the clock on a malpractice cause of action. (*Laird v. Blacker, supra*, 2 Cal.4th at p. 618; see also *Knoell v. Petrovich* (1999) 76 Cal.App.4th 164, 169 [rejecting argument that nonclient can invoke continuous representation tolling provision to toll the statute of limitations].)

Therefore, the continuous representation rule does not apply to toll the limitations period in section 340.6. Accordingly, the court did not err in concluding that Escamilla would be unable to show a probability of prevailing on his malicious prosecution claim because the claim is time-barred under section 340.6, subdivision (a).

## III.   DISPOSITION

The order granting the anti-SLAPP motion is affirmed. Defendant is entitled to recover his costs on appeal.

GETTY, J.[*]


WE CONCUR:


HUMES, P. J.



BANKE, J.








A166176




_____

[*] Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DANIEL ESCAMILLA,<br>       Plaintiff and Appellant,<br>v.<br>JOHN VANUCCI,<br>       Defendant and Respondent. | A166176<br><br>(Alameda County<br>Super. Ct. No.<br>RG21111193)<br><br>ORDER CERTIFYING<br>OPINION FOR<br>PUBLICATION<br><br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter, filed on October 23, 2023, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.


Dated: _____   _____

                                         Humes, P. J.

1

Trial Court: Alameda County Superior Court

Trial Judge:       Hon. Tara Desautels

Counsel:

Daniel Escamilla in pro. per.; for Plaintiff and Appellant.

Gordon Rees Scully Mansukhani, James K. Holder for Defendant and Respondent.